IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DELMER ABRAHAM BORJAS GUTIERREZ<br>9038 TOWN & COUNTRY BLVD, APT B<br>ELLICOTT CITY, MD 21225<br><br>PLAINTIFF,<br><br>v.<br><br>COOPER FOODS, INC. D/B/A<br>MCDONALDS ELLICOTT CITY<br>9303 BALTIMORE NATIONAL PIKE<br>ELLICOTT CITY, MD 21738<br><br>SERVE: THOMAS JEFFERSON TAYLOR<br>2814 SHADOW ROLL COURT<br>GLENWOOD, MD 21738<br><br>THOMAS JEFFERSON TAYLOR<br>2814 SHADOW ROLL COURT<br>GLENWOOD, MD 21738<br><br>DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*  Case No.:<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

Plaintiff Delmer Abraham Borjas ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Cooper Foods, Inc. d/b/a McDonalds Ellicott City ("McDonalds") and Thomas Jefferson Taylor (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 et seq. (hereinafter "MWHL"), the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 et seq. ("MWPCL").

1

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

2. Defendant Cooper Foods, Inc. is a corporation formed under the laws of the State of Maryland and doing business in the State of Maryland.

3. Defendant Thomas Jefferson Taylor is an adult resident of the State of Maryland that owns and operates McDonalds.

4. Plaintiff was employed by Defendants to work at McDonalds. Plaintiff worked in the State of Maryland as line employee and an ice-cream machine cleaner.

5. On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled or otherwise worked on goods and materials (namely food and machinery supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7. Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for the purposes of the FLSA, MWHL, and MWPCL.

8. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under

any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

9. Plaintiff has worked for Defendants at various McDonalds since roughly August 2016.

10. Plaintiff initially worked as a line employee at the Ellicott City McDonalds. In August 2018, Defendants gave Plaintiff the additional role of ice-cream machine cleaner at Defendants' various restaurants.

11. From August 2018 until March 2020, Plaintiff worked roughly 35 to 40 hours per week on maintenance on the ice-cream machines and continued to work as an hourly employee. While Plaintiff's hours varied, he frequently worked over fifty-three (53) hours per week.

12. During this time, Defendants paid Mr. Bojas Gutierrez an hourly rate of $15.75 for his work as a line cook and a flat rate of $1,260.00 for his work cleaning ide-cream machines.

13. In March 2020, Plaintiff contracted COVID-19, which prevented him from working for three weeks. When Mr. Borjas Gutierrez returned, Defendants removed him from his position as the ice-cream machine cleaner. Additionally, Defendants failed to pay Mr. Borjas Gutierrez for the time that he was sick and unable to work, as required by the Maryland Sick and Safe Leave Act.

14. At the time Defendants hired Mr. Borjas Gutierrez as an ice-cream machine cleaner, Defendants promised that he would be provided two weeks of paid vacation per year. As of today, Mr. Borjas Gutierrez has only been provided one week of paid vacation, Defendants currently owe Mr. Borjas Gutierrez an addition three weeks.

15. Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) his hourly rate

for hours worked over forty (40).

16. Throughout the Plaintiff's employment, Defendants Cooper Foods, Inc. d/b/a McDonalds Ellicott City and Thomas Jefferson Taylor:

   a. Hired and/or disciplined Plaintiff, and/or had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b. Supervised Plaintiff's work duties, and/or had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

   c. Set and controlled Plaintiff's work schedule, and/or had the power to set and control Plaintiff's work schedule;

   d. Set and controlled Plaintiff's conditions of employment, and/or had the power to set and control Plaintiff's conditions of employment;

   e. Set, determined and decided, and/or had the power to set, determine and decide Plaintiff's rate, method and manner of pay;

   f. Controlled and had decision-making power regarding Plaintiff's day-to-day duties and responsibilities, and/or were directly and/or indirectly in charge of Plaintiff's day-to-day duties and responsibilities; and,

   g. Controlled employment records of Plaintiff, and/or had the power to control and/or maintain employment records of Plaintiff.

17. Plaintiff's primary work duties did not qualify for exemption under the FLSA, MWHL, MWPCL.

18. Defendants' failure and refusal to pay Plaintiff the wages he rightfully earned as required by the FLSA, MWHL, and MWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

19. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

20. The FLSA mandates that an employer must pay an employee overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

21. At all times, Plaintiff was Defendants' "employee" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiff's "employers" under § 207(a)(2) of the FLSA.

22. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

23. As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours each week of his employment.

24. As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours he worked.

25. Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage and Hour Law
### (Overtime)

26. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

27. Plaintiff was Defendants' "employee" and Defendants were Plaintiff's "employers" within the meaning of the MWHL. As Plaintiff's "employers," Defendants were obligated to pay Plaintiff overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiff at the rate of one-and-one-half times (1.5x) his regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

28. As set forth above, Defendants paid Plaintiff a weekly sum and did not pay Plaintiff one and a half Plaintiff's regular rate for the hours he worked over forty.

29. At all relevant times, Defendants had knowledge that Plaintiff worked more than forty (40) hours per week. Alternatively, Defendants suffered or permitted Plaintiff to work more than forty (40) hours per week.

30. Defendants, as Plaintiff's "employers," were obligated to compensate Plaintiff at his overtime rate for all the overtime hours Plaintiff worked in each week.

31. As discussed supra, Defendants had actual or constructive knowledge of all hours Plaintiff worked, including overtime hours. Nevertheless, Defendants willingly and knowingly failed to pay Plaintiff for his overtime hours at the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage Payment and Collection Law
### (Unpaid Wages)

32.     Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

33.     Plaintiff was Defendants' "employee" pursuant to § 3-501 and § 3-502 of the MWPCL.

34.     Defendants were Plaintiff's "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

35.     As Plaintiff's "employers," Defendants were obligated to pay Plaintiff all wages due for the work he performed, including overtime wages.

36.     As detailed above, Defendants failed to compensate Plaintiff for overtime wages owed. Defendants also failed to compensate Plaintiff for his sick leave and vacation days.

37.     Defendants' failure and refusal to pay all wages due to Plaintiff was not the result of any bona fide dispute.

WHEREFORE, Defendants are liable to Plaintiff under Count III for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiff, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiff what was legally owed to him, and for such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems proper.

Respectfully submitted,

Michael K. Amster, Bar ID: 18339
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 428-9142 (fax)
mamster@zagfirm.com

*Counsel for Plaintiff*