IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DELMER ABRAHAM BORJAS GUTIERREZ,** | * |
| | * |
| Plaintiff, | |
| | * |
| v. | Case No.: DLB-20-2437 |
| | * |
| **COOPER FOODS, INC. d/b/a** | |
| **MCDONALDS ELLICOTT CITY,** *et al.*, | * |
| | |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Delmer Abraham Borjas Gutierrez filed this action against his employer, Cooper Foods, Inc. d/b/a McDonalds Ellicott City and its owner and operator, Thomas Jefferson Taylor (together, "McDonalds"), claiming that McDonalds failed to pay him overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. *See* Compl., ECF 1. He also claims McDonalds failed to compensate him for sick and vacation days in volition of the MWPCL. *Id.* ¶ 36. On February 8, 2021 the parties filed a joint motion for court approval of their settlement agreement and a memorandum in support. *See* Jt. Mot. & Jt. Mem., ECF 18 & 18-1. I find the settlement amount and terms, including the payment to plaintiff and attorneys' fees, are reasonable and fair in light of the facts of this case.

**I.     Background**

Plaintiff worked for McDonalds as an ice cream machine cleaner, a non-exempt employee, at all relevant times. Compl. ¶¶ 4, 6, 9–11 & 17. Plaintiff's complaint focuses on his allegation

that McDonalds improperly characterized his position as exempt and failed to pay his overtime wages in violation of state and federal law. *Id.* ¶¶ 12–15, 24, 28, 31 & 36. The Settlement Agreement ("Agreement") releases and discharges defendants from "any and all causes of action, known or unknown, including but not limited to all claims arising out of or in any way relating to Employee's employment . . . saving and excepting, however, any and all obligations of or claims against the Employer arising by virtue of the terms and conditions of this Agreement . . . ." *See* Agr. ¶ 3, ECF 18-3. The settlement amount of the Agreement is $19,753.12, which includes attorneys' fees and costs of $9,200.00. *Id.* ¶ 1.

## II. Discussion

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved. However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d

at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Saman*, 2013 WL 2949047, at *3 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### 1.  *Bona Fide* Dispute

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See id.* at 408. There are several issues that both parties genuinely dispute. *See* Jt. Mem. ¶ 17. Significantly, the parties dispute whether the defendants owe plaintiff any unpaid wages and overtime and the amount of any damages. *Id.*

### 2.  Fairness & Reasonableness

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10).  These factors are applied here.

First, the parties have engaged in informal discovery to ascertain McDonalds' "practice of paying overtime, the number of overtime hours worked by Plaintiff, [and] Plaintiff's entitlement to liquidated damages."  *See* Jt. Mem. ¶ 4.

Second, they engaged in settlement negotiations before beginning formal discovery.  *See id.*  This timing was purposeful.  Discovery—including interrogatories, document requests, and depositions—would require a significant investment of time and effort and would be expensive for both sides.

Third, there is no evidence of fraud or collusion in the settlement.  The parties spent many hours negotiating a settlement.  *Id.* ¶¶ 5 & 17.  Before their negotiations, they had sufficient opportunities to evaluate their claims and defenses in the light of the evidence they exchanged through informal discovery.  Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case."  *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).

Fourth, the parties are represented by competent and experienced counsel.  *See* Jt. Mem. ¶ 17.  Plaintiff's counsel's practice is devoted almost exclusively to employment law.  Defendants are represented by experienced counsel from a firm that handles labor and employment litigation on behalf of large and small companies.

The fifth factor—the opinions of class counsel—is not relevant because this is not a class action.  *See Lomascolo*, 2009 WL 309495, at *10.

Regarding the sixth factor, the parties agree that the $19,753.12 settlement amount, including $9,200.00 in attorneys' fees and costs, is fair and reasonable, given the risks of litigation. Jt. Mem. ¶¶ 17–18 & 20.  It is noteworthy that the parties dispute both liability and damages.  *Id.* ¶ 17.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3.  Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable.  *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012).  The Agreement provides for attorneys' fees and costs of $9,200.00.  When the Court calculates an award of attorneys' fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See Lopez*, 838 F. Supp. 2d at 348.  The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of the fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).  They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiff's counsel agreed to accept $9,200.00 for fees and costs.  *See* Jt. Mem. ¶¶ 6 & 12.  Plaintiff's counsel's hourly rate of $350 and counsel's firm's paralegals' hourly rate of $135 are consistent with this Court's guidelines.  *See id.* ¶ 10; Loc. R. App'x B, ¶ 3(e) & (f) (D. Md.) (providing ranges of $225–350 for an attorney who has been in practice for 9–14 years and $95–

150 for paralegals); https://zagfirm.com/employment-lawyers/michael-k-amster-attorney/ (stating counsel graduated from law school in 2009).  Plaintiff's counsel does not state the number of hours he or the paralegals worked on the case.  However, counsel states that plaintiff incurred more than $8,000.00 in fees and $595.00 in costs before the parties filed the joint motion, and he asserts the amount of attorneys' fees in the Agreement is less than the fees and costs plaintiff will have incurred by the close of the case. *See* Jt. Mem. ¶ 11.  The Court understands that the fees represent pre-suit investigation and preparation and post-filing prosecution of the case.  The Court finds the attorneys' fees and costs are fair and reasonable.

## **ORDER**

For the reasons stated above, it is, this 26th day of March, 2021, hereby ORDERED that:

1. The Joint Motion for Approval of Settlement, ECF 18, is GRANTED; and
2. The Clerk is DIRECTED to CLOSE THE CASE.

/S/
Deborah L. Boardman
United States Magistrate Judge